IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA | § | |
| TDCJ #835624 | § | |
| | § | |
| VS. | § | C.A. NO. C-06-398 |
| | § | |
| BRIAN L. OWSLEY, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, a Texas state prisoner, filed this action on July 26, 2006, in the Northern District of Texas, Dallas Division.[1] He makes claims against a federal magistrate judge, a state assistant attorney general, and unknown John and Jane Doe defendants pursuant to 28 U.S.C. §§ 3232 and 1346.[2] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint

---

[1] This lawsuit was transferred from the Northern District of Texas, Dallas Division, to the Southern District of Texas, Corpus Christi Division, on September 11, 2006 (D.E. 7, 8). Plaintiff appears to have filed this lawsuit at the same time that he filed a similar, if not identical, lawsuit in the Southern District of Texas, Corpus Christi Division, styled *Estrada v. Owsley, et al.*, No. 2:06cv344. That case was dismissed as frivolous on September 24, 2006.

[2] There is no section 3232 of Title 28. As to plaintiff's § 1346 claims, those claims can only be maintained against the United States, following exhaustion, as discussed herein.

must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's action is dismissed for failure to state a constitutional violation and as frivolous.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Michael Unit in Tennessee Colony, Texas. In the instant lawsuit, he sues United States Magistrate Judge Brian L. Owsley, claiming that Magistrate Owsley denied him due process when he recommended that certain claims and defendants in another lawsuit pending in the Corpus Christi Division, *Estrada v. David Diaz, et al.,* Civil Action C–04-687, be dismissed. Plaintiff also claims that Magistrate Owsley refused to consider his argument at a July 19, 2006 telephone conference. He also names as defendants Claire Raney, an Assistant Attorney General for the State of Texas, and unknown John and Jane Does.

***Basis for plaintiff's claims.***

In December 2004, plaintiff filed a lawsuit against numerous McConnell Unit officers and officials in Civil Action No. C-04-687, alleging that those defendants had denied him access to the courts by tampering with his legal mail, denying him legal visits and access to

the law library, denying him supplies, and charging him for supplies that he did not receive. He also alleged that, after he complained of the mail tampering, officials failed to investigate his claims properly and that defendants retaliated against him. See C-04-687, D.E. 1. Following initial screening and review, certain claims and defendants were dismissed; only plaintiff's retaliation claim against defendant David Diaz remains for consideration and trial before the District Judge in that action. See Id., at D.E. 55, 61, 62.

On July 19, 2006, Magistrate Owsley held a status conference in C-04-687. Ms. Raney and plaintiff participated in the conference via telephone. During the telephone conference, plaintiff repeatedly expressed his displeasure that his claims against the other defendants had been dismissed. Magistrate Owsley noted that plaintiff had filed objections to the recommendation, that his objections had been considered and overruled, and considered again on reconsideration. Magistrate Owsley also noted that plaintiff could appeal the dismissal of those claims to the Fifth Circuit. As to his allegations that McConnell Unit mailroom personnel were continuing to thwart his efforts to prosecute his remaining claim against Officer Diaz, Magistrate Owsley advised plaintiff that he would have to raise his new allegations against new defendants in a new and separate lawsuit, subject to § 1915A screening.

In the instant lawsuit, plaintiff now sues Magistrate Owsley alleging that he denied him due process based on his prior rulings in C-04-687, and at the July 19, 2006 hearing. He complains that Ms. Raney and the John and Jane Doe defendants are part of a conspiracy to violate his due process rights.

3

## III. **DISCUSSION**

A.  **No FTCA claim.**

The FTCA authorizes civil actions for damages against *the United States* for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003) (citing 28 U.S.C. §§ 1346(b) and 2674). The FTCA forbids relief for many intentional torts. 28 U.S.C. § 2680(h). The tort asserted in an FTCA claim must not be constitutional. Sanchez v. Rowe, 870 F.2d 291, 296 (5th Cir. 1989); see also Sampson, at *1 ("The FTCA waiver does not encompass federal constitutional torts . . . ."). The United States is the appropriate defendant in a FTCA claim. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998).

In this case, plaintiff has alleged that Magistrate Owsley intentionally denied him his due process rights. Thus, plaintiff cannot bring an FTCA claim against the United States. His claim is best characterized as a constitutional tort, alleging violation of his due process rights. To the extent plaintiff is attempting to allege a FTCA claim, it is dismissed.

B.  **Bivens claim**

To the extent plaintiff is complaining about the actions of Magistrate Judge Owsley, a federal actor, Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971), applies. See also Abate v. Southern Pac. Transp. Co., 993 F.2d 107 (5th Cir. 1993) (Bivens is federal counterpart to § 1983, which in effect extends protections afforded by § 1983 to parties injured by federal actors not liable under § 1983); and Izen v. Catalina, 398 F.3d 363,

367 n. 3 (5th Cir. 2005) (*Bivens* action is analogous to § 1983 action–the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials), cert. denied, ___ U.S. ___, 126 S.Ct. 1908 (2006) . It is well established that, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

### *Judicial immunity.*

A trial judge enjoys judicial immunity except for acts taken in absence of jurisdiction or for acts not taken in judicial capacity. Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994). There is no allegation that Magistrate Owsley acted without jurisdiction or outside of his capacity as magistrate judge in making his recommendations in C.A. No. C-04-687. He is thus entitled to absolute judicial immunity, and plaintiff fails to state a cognizable claim against him.

### *No due process violation.*

Moreover, plaintiff fails to state a cognizable due process claim against Magistrate Owsley, because plaintiff received all the due process protections to which he was entitled.

His original complaint was screened pursuant to 28 U.S.C. § 1915A. A Spears hearing was conducted to afford him an opportunity to better explain his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). The reasons for dismissing his claims were set forth in a recommendation (C.A. No. C-04-687, D.E. 55), and plaintiff had the opportunity to file objections to the recommendation, which he did (Id., at D.E. 59). His objections were reviewed *de novo* by a District Judge (Id., at D.E. 61). 28 U.S.C. § 636. Plaintiff sought reconsideration (Id., at D.E.66), which was considered and denied (Id. at D.E. 73). Plaintiff still has the right to appeal and review by the Fifth Circuit Court of Appeals. There has been no denial of due process.

Plaintiff's true objection is not due process, but merely a disagreement with the conclusions and rulings entered in C.A. C-04-687. His allegations fail to state a constitutional violation, and are dismissed.

### *Claims against Ms. Raney and John and Jane Does.*

Plaintiff has named as defendants, Ms. Raney, counsel for defendants in C.A. No. C-04-687, and unidentified John and Jane Does, claiming that they conspired with Magistrate Owsley to violate his constitutional rights. Plaintiff does not detail how his rights have been violated by defendants or what acts defendants allegedly performed.

Conclusory allegations of a conspiracy are not sufficient to support a claim under section 1983. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (per curiam). Plaintiff offers no facts to support his allegations that any defendants are conspiring to deny him his

6

constitutional rights. Accordingly, these claims are dismissed for failure to state a claim and as frivolous.

## V. CONCLUSION

Plaintiff fails to state a cognizable claim against defendants. His complaint is dismissed for failure to state a claim and as frivolous. 28 U.S.C. § 1915A(b).

Moreover, the Court finds that this dismissal is one as described by 28 U.S.C. § 1915(g) and should count as a "strike" against plaintiff. Accordingly , and that the Clerk be directed to provide a copy of the order of dismissal to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

ORDERED this 21 day of Oct, 2006.

HAYDEN HEAD
CHIEF JUDGE