IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA § | | |
| TDCJ #835624 § | | |
| § | | |
| VS. § | | C.A. NO. C-06-398 |
| § | | |
| BRIAN L. OWSLEY, ET AL. § | | |

## MEMORANDUM AND RECOMMENDATION TO DENY MOTION TO REVIEW FILING FEE ORDER AND FOR A STAY

### Background

Plaintiff, a Texas state prisoner, filed this action on July 26, 2006, in the Northern District of Texas, Dallas Division.[1] He sued a federal magistrate judge, a state assistant attorney general, and unknown John and Jane Doe defendants pursuant to 28 U.S.C. §§ 3232 and 1346.[2] The case was transferred to the Corpus Christi Division of the Southern District of Texas (D.E. 7). Plaintiff was permitted to proceed without prepayment of the filing fee, but pursuant to the Prison Litigation Reform Act, an order was entered, and later amended, collecting an initial partial filing fee and collecting 20% of the deposits to plaintiff's inmate trust account until the $350 filing fee was paid in full (D.E. 10, 19). Plaintiff did not file a timely objection to this order. 28 U.S.C. § 636; FED. R. CIV. P. 72. Final judgment dismissing all claims as frivolous or for failure to state a claim was entered on October 23, 2006 (D.E. 11, 12). Plaintiff filed his notice of appeal on November 27, 2006 (D.E. 13), but he failed

---

[1] Plaintiff appears to have filed his lawsuit in the Northern District of Texas at the same time he filed a similar, if not identical, lawsuit in the Southern District of Texas, Corpus Christi Division, styled *Estrada v. Owsley, et al.,* No. 2:06cv344. That case was dismissed as frivolous on September 24, 2006.

[2] There is no section 3232 of Title 28.

to pay the appellate filing fee of $455 or submit an application for leave to proceed on appeal *in forma pauperis*. On November 28, 2006, a notice directing plaintiff to pay the appellate filing fee or submit a completed application for leave to proceed *in forma pauperis* within thirty days was entered (D.E. 15).

To date plaintiff has not paid the filing fee, nor has he submitted a completed application for leave to proceed *in forma pauperis*. On January 17, 2007, plaintiff filed a pleading titled "Plaintiff's Objection to the Amended Initial Partial Filing Fee and Collection Order for Defectiveness and to Stay Judicial Proceedings until Forbidden Acts are Corrected Per Prohibition" (D.E. 21). Although it is difficult to discern exactly what relief plaintiff requests, he appears to be complaining about, and requesting review by the District Court of, the amended partial filing fee and collection order, and appears to be requesting a stay of his appeal until the legality of the filing fee order is decided.

## **Applicable Law**

This court is without jurisdiction to rule on the legality of the amended partial filing fee and collection order, or to stay an appeal. "[T]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400 (1982) (emphasis supplied), except to aid the appeal. *Ross v. Marshall*, 726 F.3d 745, 751 (5th Cir. 2005), *cert.*

*denied,* ___ S.Ct. ___ (No. 06-516 Jan. 16, 2007).  The request to review the filing fee order and stay the appeal must be denied for want of jurisdiction.³

## **Recommendation**

It is respectfully recommended that plaintiff's request for review of the filing fee order and motion for a stay (D.E. 21) be DENIED for want of jurisdiction.

Respectfully submitted this 31st day of January, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

³Even if the District Court did not lack jurisdiction because of the pendency of an appeal, plaintiff's complaint about the filing fee order is clearly meritless.  First of all, plaintiff waived any right he may have had to complain about the order when he failed to file an objection within ten days of entry of the order as required by FED. R. CIV. P. 72(a) ("[w]ithin ten days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made").

Moreover, in prisoner cases, entry of a collection order is mandatory under the Prison Litigation Reform Act, 28 U.S.C. §1915(b)(1).  Our circuit has determined that the PLRA fee provisions do not infringe upon a prisoner's right of access to the courts.  *Norton v. Dimazana*, 122 F.3d 286, 290-92 (5th Cir. 1997).  Other circuits have also ruled against constitutional challenges to the PLRA fee payment provisions.  *Murray v. Dosal*, 150 F.3d 814 (8th Cir. 1998) (fee provisions do not violate right of access to the courts, equal protection, or due process); *Roller v. Gunn*, 107 F.3d 227 (4th Cir. 1997) (no violation of right of access to courts or equal protection); *Nicholas v. Tucker*, 114 F.3d 17 (2d Cir. 1997) (same); *Hampton v. Hobbs*, 106 F.3d 1281 (no violation of due process, right of access to the courts, or equal protection); *Tucker v. Branker*, 142 F.3d 1294 (D.C. Cir. 1998) (same); *Mitchell v. Farcass*, 112 F.3d 1483 (11th Cir. 1997) (fee payment provisions do not violate equal protection).  *See also Atchison v. Collins*, 288F.3d 177, 180-81 (5th Cir. 2002) (20% deduction of PLRA applies per case, not per prisoner).

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).