IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA | § | |
|     TDCJ-CID #835624 | § | |
| V. | § | C.A. NO. C-06-398 |
| | § | |
| BRIAN OWSLEY, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RETURN OF FEES

Pending is plaintiff's motion challenging the Initial Partial Filing Fee and Collection Order (D.E. 27). For the reasons stated herein, plaintiff's motion is denied.

**I.   Background.**

Plaintiff, a Texas state prisoner proceeding *pro se*, filed his original complaint on July 26, 2006. (D.E. 1). On August 4, 2006, he filed an application to proceed *in forma pauperis* ("i.f.p.) (D.E. 2). By Order entered September 19, 2006, plaintiff's application to proceed i.f.p. was granted. (D.E. 10). Pursuant to the September 19, 2006, Initial Partial Filing Fee and Collection Order granting plaintiff's application to proceed i.f.p., plaintiff was permitted to proceed with his lawsuit by paying an initial partial filing fee of $39.00, and to pay the balance of the $311.00 over time. Id. Plaintiff now challenges this Order, arguing that he did not consent to proceed under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), and that he was granted permission to proceed i.f.p. such that ***no*** fees were required.

**II.   Discussion.**

The fee provision of the PLRA provides:

> (b)(1) ... [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full

> amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b). The PLRA provides that prisoners proceeding i.f.p. are responsible for paying the full amount of the filing fee; however, the statute provides that impecunious litigants may pay the fee over time, if necessary. The PLRA also provides that no prisoner shall be denied access to the courts because he or she has insufficient funds to pay the initial partial filing fee. Id. at § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial, partial filing fee.")

In the instant motion, plaintiff alleges that he did not consent to the PLRA. However, the PLRA applies to all prisoner civil rights suits filed after its April 26, 1996 effective date. Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Plaintiff's action was filed on July 26, 2006. Therefore, the PLRA applies to his case; consent is not at issue. Moreover, the

Fifth Circuit has upheld the PLRA against constitutional challenges. <u>Carson v. Johnson</u>, 112 F.3d 818, 821-23 (5th Cir. 1997).

Moreover, plaintiff was given the option to voluntarily dismiss his lawsuit if he did not want to pay the filing fee and did not want funds withdrawn from his trust account (D.E. 10). He did not do so. His consent to the withdrawal of funds can be inferred from his decision not to voluntarily dismiss his lawsuit.

Plaintiff's challenge to the payment of the filing fee is without merit. Accordingly, his motion for return of fee (D.E. 27) is DENIED.

ORDERED this 18th day of June, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE